IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:10-CR-388-D-1

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | **ORDER OF DETENTION PENDING** |
| ) | **TRIAL** |
| ULYSSES SAMUEL HENSEN, ) | |
| ) | |
| Defendant. ) | |

This case came before the court today for hearing on the government's motion, pursuant to 18 U.S.C. § 3142(f), to detain defendant pending trial. The government presented the testimony of a sergeant with the Cumberland County Sheriff's Office on a task force of the Federal Bureau of Alcohol, Tobacco, Firearms and Explosives. Defendant presented no evidence. The court also reviewed the pretrial services report. After careful consideration pursuant to 18 U.S.C. § 3142(g) of the credible information and argument submitted, and based on the findings and reasons stated below and in open court, the court finds by a preponderance of the evidence that there is no condition or combination of conditions that will reasonably assure defendant's appearance as required, and by clear and convincing evidence that there is no condition or combination of conditions that will reasonably assure the safety of any other person and the community before trial. The government's motion is therefore GRANTED.

### Background

Defendant was indicted on 9 December 2010 for the offense of possession of a firearm, a rifle, by a convicted felon on or about 20 January 2010, in violation of 18 U.S.C. §§ 922(g)(1) and 924. The evidence presented at the hearing showed that the charges arise from the undercover purchase of the subject rifle from defendant at his residence on the alleged offense date. Defendant had been convicted of multiple felonies at the time of the transaction. As part of the same

transaction, the undercover officer purchased Percocet pills from defendant, although no drug charges were brought against him.

## Discussion

The law requires that defendant be detained pending trial based on the following principal findings and reasons: evidence showing that the government has a strong case, including the evidence reviewed above; the gun-related nature of the offense charged; the circumstances of the offense charged, including its association with a sale of drugs; defendant's criminal record, including 11 felonies (*e.g.*, multiple drug offenses, robbery with a dangerous weapon, aggravated battery), 14 misdemeanors (*e.g.*, 5 for resisting or assault on an officer, 1 for flee and elude arrest with a motor vehicle), and defendant's commission of two offenses while on probation; defendant's apparent ties to New Mexico (from which he was transferred for the instant prosecution and where he committed his felony aggravated battery, on 3 October 2010); and, as indicated, the other findings and reasons stated in open court.

Defendant proposed that he be released to a halfway house. But his history of violent crime and resistance to police officers, and the gun-related nature of the instant charged offense, among other evidence, make such a release plan unsuitable.

## Conclusion

IT IS THEREFORE ORDERED that defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the government,

the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

This, the 22nd day of March 2011.

_/s/ James E. Gates_
James E. Gates
United States Magistrate Judge