IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:10-CR-388-D
No. 5:14-CV-563-D

| | |
|---|---|
| ULYSSES SAMUEL HENSEN, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. ) | **ORDER** |

On October 2, 2014, Ulysses Samuel Hensen ("Hensen") moved pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his 120-month sentence [D.E. 75]. On March 30, 2015, the government moved to dismiss Hensen's section 2255 motion. See [D.E. 85]. On April 28, 2015, Hensen replied. See [D.E. 88]. As explained below, the court grants the government's motion to dismiss and dismisses Hensen's section 2255 motion.

I.

On June 6, 2011, Hensen pleaded guilty, pursuant to a written plea agreement [D.E. 27], to possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924. See Rule 11 Tr. [D.E. 67] 27–28. On December 14, 2011, at Hensen's sentencing hearing, the court found that Hensen had a criminal history category of VI and a total offense level of 25. See Sentencing Tr. [D.E. 64] 16; Presentence Investigation Report ("PSR") [D.E. 28] ¶¶ 54, 55. The court calculated Hensen's advisory guideline range to be 110 to 120 months' imprisonment. See Sentencing Tr. 16–17. After considering all relevant factors under 18 U.S.C. § 3553(a), the arguments of counsel, and Hensen's allocution, the court sentenced Hensen to 120 months' imprisonment. See id. 36–43. The court entered judgment on December 23, 2011. See [D.E. 56].

Hensen appealed his conviction and sentence. See [D.E. 54]. Hensen's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967). See Opening Brief of Appellant, United States v. Hensen, No. 11-5212 (4th Cir. May 3, 2012), [D.E. 23]. Hensen filed a pro se supplemental brief questioning the validity of his guilty plea, the application of U.S.S.G. § 2K2.1(b)(6), whether Hensen knowingly and voluntarily waived his right to appeal, and whether this court erred at sentencing. See Motion, United States v. Hensen, No. 11-5212 (4th Cir. June 11, 2012), [D.E. 36-2].

On August 28, 2012, the United States Court of Appeals for the Fourth Circuit held that this court fully complied with Rule 11 of the Federal Rules of Criminal Procedure when it accepted Hensen's guilty plea, that Hensen's guilty plea was knowing and voluntary, and that the appellate waiver in Hensen's plea agreement was enforceable and barred Hensen's attack on his sentence. See United States v. Hensen, 494 F. App'x 302, 303–04 (4th Cir. 2012) (per curiam) (unpublished). Accordingly, the Fourth Circuit affirmed Hensen's conviction and dismissed his sentence challenge. See id. Hensen did not seek a writ of certiorari and his time to do so expired on November 26, 2012. See Clay v. United States, 537 U.S. 522, 525 (2003); S. Ct. R. 13.1.

On October 2, 2014, Hensen filed his section 2255 motion. See [D.E. 75]. Hensen alleges: (1) ineffective assistance of counsel for failing to file a motion to dismiss concerning the rifle at issue in his case; (2) that his guilty plea was involuntary due to prescription medications that he took before he pleaded guilty; (3) ineffective assistance of counsel for failing to raise Hensen's intoxication due to prescription medication at his Rule 11 and sentencing hearings; (4) that the court's application of U.S.S.G. § 2K2.1(b)(6) at sentencing violated Alleyne v. United States, 133 S. Ct. 2151 (2013); and (5) ineffective assistance of counsel at sentencing for failing to ask the court to allow Hensen to withdraw his guilty plea due to Hensen's intoxication at his Rule 11 hearing. See [D.E. 75] 4–9.

2

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for "failure to state a claim upon which relief can be granted" tests whether the complaint is legally and factually sufficient. See Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–63, 570 (2007); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 132 S. Ct. 1327 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). In considering a motion to dismiss, a court need not accept a complaint's legal conclusions drawn from the facts. See, e.g., Iqbal, 556 U.S. at 678. Similarly, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 556 U.S. at 677–79. Moreover, a court may take judicial notice of public records without converting a motion to dismiss into a motion for summary judgment. See, e.g., Fed. R. Evid. 201; Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007); Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). In reviewing a section 2255 motion to vacate, the court is not limited to the motion itself. The court also may consider "the files and records of the case." 28 U.S.C. § 2255(b); see United States v. McGill, 11 F.3d 223, 225 (1st Cir. 1993).

First, the government argues that Hensen's section 2255 motion is untimely. Section 2255(f) contains a one-year statute of limitations for petitions for collateral review. Section 2255(f) provides that the one-year clock is triggered by one of four conditions, whichever occurs last:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

3

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)–(4); Johnson v. United States, 544 U.S. 295, 299–30 (2005); Whiteside v. United States, 775 F.3d 180, 182–83 (4th Cir. 2014) (en banc).

As for section 2255(f)(1), Hensen filed his section 2255 motion on October 2, 2014, almost two years after his judgment of conviction became final. Thus, Hensen's section 2255 motion is untimely under 28 U.S.C. § 2255(f)(1). See, e.g., United States v. Mathur, 685 F.3d 396, 397–98 (4th Cir. 2012).

As for section 2255(f)(3), to the extent that Hensen might argue that his section 2255 motion is timely under section 2255(f)(3) due to the Supreme Court's decision in Alleyne, Alleyne announced a purely procedural rule that does not apply retroactively on collateral review. See, e.g., Whorton v. Bockting, 549 U.S. 406, 416–18 (2007) (describing framework used to analyze retroactivity on collateral review); Butterworth v. United States, 775 F.3d 459, 465 & n.4 (1st Cir. 2015); Hughes v. United States, 770 F.3d 814, 818–19 (9th Cir. 2014); In re Mazzio, 756 F.3d 487, 488 (6th Cir. 2014); United States v. Winkelman, 746 F.3d 134, 136 (3d Cir. 2014); United States v. Harris, 741 F.3d 1245, 1250 n.3 (11th Cir. 2014); United States v. Redd, 735 F.3d 88, 91–92 (2d Cir. 2013); United States v. Stewart, 540 F. App'x 171, 172 n.* (4th Cir. 2013) (per curiam) (unpublished); In re Payne, 733 F.3d 1027, 1029–30 (10th Cir. 2013) (per curiam); In re Kemper, 735 F.3d 211, 212 (5th Cir. 2013); Simpson v. United States, 721 F.3d 875, 876 (7th Cir. 2013). Thus, Alleyne does not help Hensen.

Alternatively, even if Alleyne applied retroactively, Hensen would get no relief. In Alleyne, the Supreme Court held that any fact (other than a prior conviction) supporting an enhanced mandatory minimum sentence must be alleged in the indictment and be admitted by the defendant

4

or found by a jury beyond a reasonable doubt. See Alleyne, 133 S. Ct. at 2155, 2160–61. The charges to which Hensen pleaded guilty complied with Alleyne. See Indictment [D.E. 1]. Moreover, Hensen knowingly and voluntarily waived his right to a jury determination of the facts concerning the gun count by pleading guilty, and Hensen's guilty plea satisfied the government's burden of proof. See, e.g., United States v. Booker, 543 U.S. 220, 244 (2005). Furthermore, Alleyne does not impact a court's ability to apply the advisory guidelines, including making findings of fact that do not impact a statutory minimum or maximum. See, e.g., Alleyne, 133 S. Ct. at 2163; United States v. Benn, 572 F. App'x 167, 179–80 & n.4 (4th Cir. 2014) (per curiam) (unpublished) (collecting cases); United States v. Ramirez-Negron, 751 F.3d 42, 48–49 (1st Cir. 2014) (collecting cases); United States v. Gibbs, 547 F. App'x 174, 185 n.4 (4th Cir. 2013) (per curiam) (unpublished); United States v. Johnson, 732 F.3d 577, 583–84 (6th Cir. 2013); United States v. Claybrooks, 729 F.3d 699, 707–08 (7th Cir. 2013). This court's findings of fact at sentencing, including those findings concerning U.S.S.G. § 2K2.1(b)(6), did not violate Alleyne. Accordingly, Alleyne does not help Hensen, and Hensen's section 2255 motion is untimely under 28 U.S.C. § 2255(f)(3).

As for section 2255(f)(4), to the extent that Hensen might argue that he filed his section 2255 motion within one year of the "date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence," see 28 U.S.C. § 2255(f)(4), Alleyne is not a "fact" within the meaning of section 2255(f)(4). See, e.g., Whiteside, 775 F.3d at 183–84. Likewise, the issues concerning Hensen's alleged intoxication at his Rule 11 proceeding, concerning the rifle, or concerning U.S.S.G. § 2K2.1(b)(6) do not fall within section 2255(f)(4) in this case. Thus, section 2255(f)(4) does not help Hensen.

As for equitable tolling, section 2255(f) is subject to equitable tolling, but nothing in the record suggests that equitable tolling applies. See Holland v. Florida, 560 U.S. 631, 649–54 (2010);

5

Whiteside, 775 F.3d at 184–86; Rouse v. Lee, 339 F.3d 238, 246–47 (4th Cir. 2003) (en banc). "[T]o be entitled to equitable tolling, an otherwise time-barred petitioner must present (1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) (quotation omitted); see Holland, 560 U.S. at 649–54. Hensen has not plausibly alleged such extraordinary circumstances. See, e.g., Holland, 560 U.S. at 649–54; Whiteside, 775 F.3d at 184–86; United States v. Sawyer, 552 F. App'x 230, 232 (4th Cir. 2014) (per curiam) (unpublished). Accordingly, the court grants the government's motion to dismiss Hensen's section 2255 motion as untimely.

Alternatively, the appellate waiver in Hensen's plea agreement bars Hensen's claims that are unrelated to ineffective assistance of counsel not known to him at the time of his guilty plea. In his plea agreement, Hensen agreed "to waive all rights to contest [his] conviction or sentence in any post-conviction proceeding, including one pursuant to 28 U.S.C. § 2255, excepting [a] . . . motion based upon grounds of ineffective assistance of counsel or prosecutorial misconduct not known to [Hensen] at the time of [his] guilty plea." Plea Agreement [D.E. 27] ¶ 2.c. An appellate waiver is enforceable "to preclude a defendant from appealing a specific issue if the record establishes that the waiver is valid and that the issue being appealed is within the scope of the waiver." United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005).

To be valid, the appellate waiver must have been knowing, intelligent, and voluntary. See, e.g., United States v. Davis, 689 F.3d 349, 354–55 (4th Cir. 2012) (per curiam); United States v. Thornsbury, 670 F.3d 532, 537 (4th Cir. 2012); Blick, 408 F.3d at 169. "Generally, if a district court questions a defendant regarding the waiver of appellate rights during the Rule 11 colloquy and the record indicates that the defendant understood the full significance of the waiver, the waiver is

6

valid." Thornsbury, 670 F.3d at 537; see United States v. Copeland, 707 F.3d 522, 528–30 (4th Cir. 2013).

At Hensen's Rule 11 hearing, Hensen stated under oath that he had consulted with his counsel about the charge to which he was pleading guilty, that he was fully satisfied with his counsel's performance, that the prescription medication that he had taken did not affect his ability to hear and understand the proceedings, and that no one had threatened him or anyone else or made any promises to him or anyone else. See Rule 11 Tr. 15–21. Hensen also swore that he understood the charge to which he was pleading guilty and understood the maximum penalties provided for that charge, including a maximum of 120 months' imprisonment. See id. 21–22. Hensen also swore that he understood all the trial rights that he had and that he would be waiving if he pleaded guilty and the direct and collateral consequences of pleading guilty. See id. 22–24. Hensen also swore that he had read and discussed his plea agreement with his lawyer, that he understood each term in his plea agreement, and that the plea agreement constituted the entire agreement between Hensen and the government. See id. 24–25. The court then read Hensen's appellate waiver aloud to him, and Hensen swore that he understood the rights he was giving up in the waiver. See id. 25–26. Hensen also swore that he understood the sentencing process, that any estimate of his sentence or the advisory guideline range from any source was not binding on the court, that any erroneous prediction of his advisory guideline range or sentence would not allow him to withdraw his guilty plea, and that the court could sentence him up to the statutory maximum of life imprisonment. See id. 23–24, 26.

At the end of his Rule 11 hearing, Hensen pleaded guilty, and the government provided a factual basis for the guilty plea. See id. 28–29. The court then accepted Hensen's guilty plea. See id. 29–31.

7

In light of the Rule 11 colloquy, Hensen's appellate waiver is valid. See, e.g., Copeland, 707 F.3d at 528; Thornsbury, 670 F.3d at 537; Blick, 408 F.3d at 169; see also Hensen, 494 F. App'x at 303–04. In his waiver, Hensen agreed "to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to 28 U.S.C. § 2255, excepting [a] . . . motion based upon grounds of ineffective assistance of counsel or prosecutorial misconduct not known to [Hensen] at the time of [his] guilty plea." Plea Agreement ¶ 2.c. Hensen's claims concerning the rifle, U.S.S.G. § 2K2.1(b)(6), and his alleged intoxication, fall within the scope of his appellate waiver. See Copeland, 707 F.3d at 528–30. Accordingly, the court enforces Hensen's waiver and dismisses these claims.

Alternatively, Hensen raised the claims concerning the rifle, U.S.S.G. § 2K2.1(b)(6), intoxication, and the validity of his guilty plea on direct appeal. See Opening Brief of Appellant, United States v. Hensen, No. 11-5212 (4th Cir. May 3, 2012), [D.E. 23]; Motion, United States v. Hensen, No. 11-5212 (4th Cir. June 11, 2012), [D.E. 36-2]. The Fourth Circuit rejected the arguments in affirming the conviction and dismissing Hensen's attack on his sentence. See Hensen, 494 F. App'x at 303–04. Absent any change in the law, Hensen cannot use section 2255 to recharacterize and relitigate a claim that the Fourth Circuit rejected on direct appeal. See, e.g., United States v. Frady, 456 U.S. 152, 164–65 (1982); United States v. Dyess, 730 F.3d 354, 360 (4th Cir. 2013); United States v. Linder, 552 F.3d 391, 396–97 (4th Cir. 2009); United States v. Roane, 378 F.3d 382, 396 n.7 (4th Cir. 2004); Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir. 1976) (per curiam) (unpublished). Thus, the claims fail.

Alternatively, Hensen's sentence does not amount to a miscarriage of justice warranting relief under 28 U.S.C. § 2255. See, e.g., United States v. Foote, No. 13-7841, 2015 WL 1883538, at *8–12 (4th Cir. Apr. 27, 2015). Notably, when this court sentenced Hensen, the guidelines were

8

advisory, and Hensen received a sentence that did not exceed the statutory maximum. Accordingly, Hensen cannot obtain relief concerning his sentence under section 2255. See, e.g., id.

After reviewing Hensen's motion, the court determines that reasonable jurists would not find the court's treatment of Hensen's motion debatable or wrong, and that it does not deserve encouragement to proceed any further. Thus, the court denies a certificate of appealability. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

II.

In sum, the court GRANTS the government's motion to dismiss [D.E. 85], DISMISSES Hensen's section 2255 motion [D.E. 75], DISMISSES Hensen's motion to supplement [D.E. 79] as moot, and DENIES a certificate of appealability. The clerk shall close the case.

SO ORDERED. This __2__ day of June 2015.

JAMES C. DEVER III
Chief United States District Judge